UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER TUCKER,

                   Plaintiff,                               Case Number 23-12865

v.                                                 Honorable David M. Lawson

FEDERAL BUREAU OF INVESTIGATION
HEADQUARTERS, SHERIFF TROY BEVIER,
and NICOLE MICHELLE QUINONES,

                   Defendants.

_____/

## ORDER SUMMARILY DISMISSING CASE

Plaintiff Christopher Tucker has filed a complaint on his own behalf without a lawyer seeking relief against the "Federal Bureau of Investigation Headquarters," Lenawee County Sheriff Troy Bevier, and an individual identified as Nicole Michelle Quinones. He also has asked the Court to allow him to proceed without paying the filing fee. After conducting the screening required by 28 U.S.C. § 1915(e)(2)(B), it appears that the complaint must be dismissed because, once again, Mr. Tucker has failed to state an intelligible claim for relief.

I.

Tucker is a frequent filer, having commenced at least eight cases in this district. *See Tucker v. City of Adrian*, No. 23-12063 (E.D. Mich. Aug. 29, 2023); *Shower of Herbs, LLC v. Dep't of Homeland Security*, No. 23-11122, 2023 WL 3669368 (E.D. Mich. May 25, 2023); *Tucker v. GMA Network Corp. CEOs*, No. 21-11396 (E.D. Mich. Oct. 29, 2021); *Tucker v. Haspel*, No. 20-13443 (E.D. Mich. Apr. 16, 2021); *Tucker v. Haspel*, No. 20-13096, 2020 WL 7122084 (E.D. Mich. Dec. 4, 2020); *Tucker v. FBI Head Quarters*, No. 19-13626, 2020 WL 2059866 (E.D. Mich. Apr. 29, 2020); *Tucker v. Ben*, No. 19-12031 (E.D. Mich. July 30, 2019). Each has been dismissed, many at the screening stage.

Approximately three months ago, the undersigned summarily dismissed a case brought by the same plaintiff because it was nearly incomprehensible and did not state a claim. *See Tucker v. City of Adrian*, No. 23-12063 (E.D. Mich. Aug. 29, 2023). Unfortunately, the plaintiff's present complaint is more opaque than the last, spanning some 1,400 pages and containing nearly indecipherable allegations. This complaint, naming as defendants the "Federal Bureau of Investigation Headquarters," Lenawee County Sheriff Troy Bevier, and an individual identified as Nicole Michelle Quinones, includes hundreds of pages of seemingly unrelated scholarly reports and numerous screenshots of social media messages with unidentified individuals. Although the precise contours of the plaintiff's claim are difficult to discern, it appears that he believes himself to be the target or a coordinated harassment campaign by a variety of individuals and entities. As an additional clue to his intent, the "Amount in Controversy" section of the form complaint states "FAILURE TO INVESTIGATE AND DO THEIR JOB." ECF No.1, PageID.5. However, little in the complaint appears to allege any cognizable wrongdoing by these defendants. For instance, the complaint does not make Tucker's specific quarrel with the FBI readily apparent. Instead, his grievance seems to lie generally with the "CIA Military complex." ECF No. 1, PageID.11. The complaint's only clear reference to Sheriff Bevier is a printout of his biography from the Lenawee County website. ECF No. 1, PageID.79. Interpreted with extreme generosity, his complaint suggests that he wishes that Sheriff Bevier and the FBI would investigate the harassment he believes he is experiencing. *Ibid.* His concern with defendant Quinones seems to be that she lives above him and is in some manner "targeting" him. *Id.* at PageID.5.

## II.

The Court granted the plaintiff's application to proceed as a pauper, that is, to file this case without paying fees or costs in advance. Congress enacted the federal *in forma pauperis* statute to

- 2 -

"'guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because . . . poverty makes it impossible . . . to pay or secure the costs' of litigation." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)).  At the same time, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Ibid.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  Therefore, when a plaintiff asks a court to waive fees and costs because he cannot afford to pay them, the court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "A complaint is frivolous when it lacks an arguable basis either in fact or in law," and it "lacks an arguable or rational basis in fact if it describes fantastic or delusional scenarios." *Abner v. SBC Ameritech*, 86 F. App'x 958, 958 (6th Cir. 2004) (quoting *Neitzke*, 490 U.S. at 325, 327-28) (quotation marks omitted).

The Sixth Circuit has held that screening under section 1915(e) applies to prisoner and non-prisoner cases alike. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (mem.) ("Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A.  However, the district court must still screen the complaint under § 1915(e)(2)."); *Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) (affirming dismissal of case brought by a non-prisoner proceeding *in forma pauperis* under § 1915(e)); *Mallory-Bey v. Malesia Investments, LLC*, No. 23-10289, 2023 WL 2087961, at *1 (E.D. Mich. Feb. 17, 2023) (dismissing IFP case brought by non-prisoner).  Other circuits agree. *See,*

*e.g.*, *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); *Gochin v. Markowitz*, 791 F. App'x 342, 345 (3d Cir. 2019); *Rehberger v. Henry Cnty.*, No. 22-12873, 2023 WL 4571958, at *1 (11th Cir. July 18, 2023).

A complaint filed by an unrepresented party is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, Federal Rule of Civil Procedure 8(a) requires that all complaints must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and Fed. R. Civ. P. 8(a)(2)). This notice pleading standard does not require detailed factual allegations, but it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As the Court remarked when it dismissed the plaintiff's previous suit, one would think that a complaint of this length would easily satisfy the fact pleading requirements. But volume alone is not sufficient. Even with the liberal reading of the pleadings, a complaint still is insufficient to frame a plausible cause of action where it is based on nothing more than speculation or imagination. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. Rule Civ. P. 8(a)(2)).

Here, Tucker's complaint, interpreted generously, fails to state a claim against each defendant. First, Tucker lacks standing to a sue the FBI on a failure to investigate theory, and the

- 4 -

Court previously dismissed with prejudice a similar claim against the FBI. *See Tucker v. FBI Head Quarters*, No. 19-13626, 2020 WL 4006760, at \*2 (E.D. Mich. Feb. 26, 2020), *report and recommendation adopted by* 2020 WL 2059866 (E.D. Mich. Apr. 29, 2020); *see also Tallent v. United States on behalf of Internal Revenue Serv.*, No. 3:23-CV-51-TRM-JEM, 2023 WL 4137283 (E.D. Tenn. May 16, 2023) (explaining that there is no right to an FBI investigation), *report and recommendation adopted by* 2023 WL 4046268 (E.D. Tenn. June 16, 2023).  Even if his claim against the FBI were for something other than the failure to investigate a crime, the suit would still fail to state a claim as federal agencies are not subject to suit under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), *see FDIC. v. Meyer*, 510 U.S. 471, 486 (1994) (holding that *Bivens* does not provide a cause of action against federal agencies); under the Federal Tort Claims Act, *see Chomic v. United States*, 377 F.3d 607, 608 (6th Cir. 2004) ("[A] federal agency cannot be sued under the FTCA."); or under 42 U.S.C. § 1983, *see Ana Leon T. v. Fed. Rsrv. Bank of Chicago*, 823 F.2d928, 931 (6th Cir. 1987) (noting that actions by federal officials do not meet § 1983's requirement that the wrongful conduct be under color of state law). Tucker cannot make out a lawful claim for relief against the FBI or its "Headquarters."

Tucker's complaint against Sheriff Bevier does not fare better.  In suing Bevier, he most likely intended to rely on 42 U.S.C. § 1983.  To state a plausible claim under that statute, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).

The most generous reading of Tucker's rambling allegations, which barely mention Sheriff Bevier and do not clearly state any wrongdoing, is that the sheriff violated his constitutional rights

by failing to investigate his varied grievances against others.  However, as the Court explained to Tucker when dismissing his previous case against the City of Adrian, "there is no statutory or common law right, much less a constitutional right, to an investigation." *Tucker v. City of Adrian*, No. 23-12063 (E.D. Mich. Aug. 29, 2023) (order dismissing case) (quoting *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007)); *cf. Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (observing that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  Likewise, absent circumstances not present here, a claim that the State "fail[ed] to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989).  Therefore, Tucker cannot maintain a claim against the sheriff for failing to investigate or prosecute his reports.

Finally, his claim against individual defendant Quinones must fail as it lacks any discernable legal or factual basis.  The three references to defendant Quinones in Tucker's complaint state, "NICOLE AND HER BOYFRIEND ON THE 2ND FLOOR OF THE MASONIC TEMPLE WITH HOMELESS OUT SIDE TARGETING AS WELL AS OTHERS PLAYING ME BY STEALING MY BRAINSIGNITURES TARGETING FRIENDS AND FAMILY," ECF No. 1, PageID.5, "Homeless playing prince, the lost boys, and black man upstairs with his friend and Nicole Michelle qusiones," *id.* at PageID.10, and "Deception everything I think is true for homeless to set me up and Nicole Michelle boyfriend and friend passed to others because of altering and tampering with evidence, slander," *id.* at PageID.11.  This material is insufficient to inform the Court of alleged misconduct by that defendant or an explanation for the legal basis for his claim that would grant this Court jurisdiction.  The complaint is frivolous as to defendant Quinones.

Beyond that, the Court is not able to identify from the pleadings any other possibility of a lawful claim for relief, and the Court is not obligated to entertain a civil action grounded only in the plaintiff's imagination. *See Dekoven v. Bell*, 140 F. Supp. 2d 748, 763 (E.D. Mich.), *aff'd*, 22 F. App'x 496 (6th Cir. 2001).  The complaint itself is an agglomeration of incomprehensible sentence fragments littered with extraneous detail.  The plaintiff intersperses those factoids with legal buzzwords and gibberish.  But no plausible claim can be found in the plaintiff's prolix and rambling pleading.

Here, the Court is unable to identify from the pleadings any possibility of a lawful claim for relief, and the Court is not obligated to entertain a civil action grounded only in the plaintiff's imagination. *See Dekoven*, 140 F. Supp. 2d at 763.  After reviewing the record, "[i]t is clear that this Court is not the forum that can provide [the plaintiff] with the type of assistance [he] truly needs," and his "allegations are simply based on some paranoid or delusional fantasy and unsupported imaginings that [the] [d]efendants and various . . . state and federal officials [and other unnamed persons and entities, either real or imaginary] are engaged in an elaborate and massive criminal conspiracy to torture and torment [him]." *Marshall v. Stengel*, No. 10-159, 2010 WL 1930172, at *3 (W.D. Ky. May 12, 2010); *see also Teddy-Lawrence v. Mellos*, No. 11-10980, 2012 WL 3731707, at *1 (E.D. Mich. Aug. 28, 2012), *aff'd*, No. 12-2192 (6th Cir. Feb. 11, 2013) ("[T]he complaint itself [is] an agglomeration of incomprehensible claims littered with extraneous detail and argumentative statements, punctuated with buzzwords and gibberish [and] the pleading violate[s] all the basic precepts of Federal Rule of Civil Procedure 8 and fail[s] to state an intelligible claim.").

III.

The plaintiff's complaint is frivolous, and he fails to state a claim in his complaint upon which relief may be granted. Therefore, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the case summarily.

Accordingly, it is **ORDERED** that the plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   December 5, 2023